IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THEODUS LINDSAY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV596 |
| | ) | |
| WILLIAM GLICK, III, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon Plaintiff Theodus Lindsay, Jr.'s and Defendants William Glick, III, Mr. Brandhorst, Ms. Barringer, Cordelia McBride, Ebony Ratliff, Mr. Hildreth, Mr. Huneycutt, Ms. Robinson, Mr. Lookabill, Ms. Bruton, Mr. Parsons, Mr. Hargrave, Mr. Bradford, Macre Crider, Victor Locklear, and Monica Bond's several motions including: Plaintiff's motion entitled "Motion for Access to Photocopying and Notary Services" (Docket Entry 26), Plaintiff's motion entitled "Motion to Amend and Supplement Complaints" (Docket Entry 32; *see also* Docket Entry 33), Plaintiff's motion entitled "Motion to Enter Plaintiff's (D.E. 32) Certificate of Achievement for Anger Management, North Carolina Department of Public Safety Alcoholism Chemical Dependency Programs, Certificate of Achievement Thinking for a Change, as Exhibits A and Declaration of Theodus Lindsay Jr., and Tyrone Bunch as Exhibits B into Court Records" (Docket Entry 45), Plaintiff's Motion entitled "Motion to enter Plaintiff's Exhibits Verified Complaint (D.E. 2) into Court Record" (Docket Entry 46), Plaintiff's Motion for Subpoena (Docket Entry 48), Plaintiff's Motion entitled "Plaintiff's Motion to Reconsider Appointment of Counsel (D.E.

1

3) and Memorandum of Law in Support" (Docket Entry 50), and Defendants' Second Motion for Extension of Time to Complete Discovery (Docket Entry 53). These matters are ripe for disposition.

## I. FACTUAL BACKGROUND

On July 22, 2015, Plaintiff, a pro se prisoner, filed a complaint asserting that Defendants were deliberately indifferent to Plaintiff's medical needs by denying Plaintiff access to mental health treatment and protective custody. (*See generally* Complaint, Docket Entry 2.) Plaintiff was imprisoned in June 2014. (*Id.* at 6.) In August 2014, Plaintiff alleges that he requested to participate in a mental health psychological rehabilitative treatment program for his Post Traumatic Stress Disorder ("PTSD") resulting from his experience in the military. (*Id.*) Plaintiff alleges that he was denied access to the program and was assigned to the "Road Squad" for a work assignment. (*Id.*) Plaintiff states that on several occasions he requested to be removed from the Road Squad assignment and to be admitted to the mental health psychological rehabilitative treatment program. (*Id.* at 6-9.) On October 21, 2014, Plaintiff states that he was assaulted on the Road Squad bus. (*Id.* at 6.) Plaintiff alleges that a prison staff member failed to do anything about the altercation. (*Id.*) Subsequently, Plaintiff was assaulted again on Road Squad duty on November 13, 2014. (*Id.* at 10.) As a result of this second altercation, Plaintiff was moved to restrictive housing. (*Id.*) On July 22, 2015, Plaintiff filed his complaint. On November 20, 2015, Defendants filed an answer. (Answer, Docket Entry 24.) Plaintiff thereafter filed a motion to amend the complaint (Docket Entry 25) which the Court granted. (Docket Entry 29.) In his Amended Complaint, Plaintiff asserts claims against two additional defendants, Monica Bond, Chief Disciplinary Officer, and Victor

2

Locklear, a Disciplinary Hearing Officer. (Docket Entry 25.) Plaintiff asserts that both violated his Due Process rights. (*Id.*)

## II. DISCUSSION

*A. Motion for Access to Photocopying and Notary Services*

In Plaintiff's motion entitled "Motion for Access to Photocopying and Notary Services" (Docket Entry 26), he contends that if he is not able to obtain access to photocopying and notary services, Defendants will have an unfair advantage because Plaintiff is "incarcerated, pro se, indigent, and cannot properly litigate his case." (*Id.* at 6.) In *Bounds v. Smith*, the Supreme Court held that an inmate is entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." 430 U.S. 817, 825 (1977); *see also Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978). Subsequently, in *Lewis v. Casey*, the Supreme Court clarified the *Bounds* decision by concluding that a deprivation of an inmate's right of access to the courts is only actionable when the inmate is able to demonstrate actual injury as a result. 518 U.S. 343, 349 (1996). Additionally, the Court further reasoned that the Constitution only requires that inmates be provided with the tools needed to "attack their sentences, directly or collaterally, and to challenge the conditions of their confinement." *Id.* at 355. Thus, "prisoners do not have a right to free photocopies for use in lawsuits." *Kelly v. York Cty. Prison*, 325 F. App'x 144, 145 (3d Cir. 2009); *McRavion v. Solomon*, No. 5:13-CT-3133-FL, 2014 WL 5810311, at *3 (E.D.N.C. Nov. 7, 2014) (finding that "there is no constitutional right to access to free photocopies"); *Walker v. Hardinger*, No. CIV.A. JFM-15-2583, 2015 WL 5199594, at *2 (D. Md. Sept. 4, 2015) (finding that the plaintiff did "not have an unfettered constitutional right to free copy work in the absence of showing that

3

defendants' refusal to copy his legal work prevented him from meeting deadlines, otherwise prejudiced him in any pending litigation, or actually impeded his access to the courts").

Here, it is unclear whether Plaintiff has suffered an injury. Plaintiff does not allege that he has been denied access to the facility's photocopy or notary services. Plaintiff merely speculates that he will be at a disadvantage if this does happen. Moreover, it appears that Plaintiff has been provided an adequate opportunity to present his claim. Plaintiff has filed and served several motions to the clerk of court and Defendants. Furthermore, Plaintiff stated that his motion to amend his complaint was notarized (Docket Entry 46 at 1), thus indicating that Plaintiff does have access to notary services. Because Plaintiff has failed to allege that he has suffered an actual injury, his motion is denied.

B. *Motions to Amend Amended Complaint*

Plaintiff filed two motions to amend his Amended Complaint (Docket Entries 32, 33); the issue is whether Plaintiff's motions are amendments to the Amended Complaint or supplemental pleadings.[1] The first motion contains the proposed changes to the Amended Complaint, while the second motion is the request for leave to admit the proposed changes. These motions could have been filed together as one motion. (*See generally* Docket Entries 32, 33). Plaintiff's first motion entitled "Motion to Amend and Supplement Complaints" (Docket Entry 32) is clearly a supplemental pleading.[2] "Parties and courts occasionally confuse

---

[1] Defendants' Response to Plaintiff's two motions to amend his Amended Complaint reveal that there is confusion regarding which Amended Complaint has previously been granted. In their Response, Defendants argue that Plaintiff's Amended Complaint (Docket Entry 25) should be denied because Plaintiff's new claim is futile. (Response at 1-2, Docket Entry 36.) However, Plaintiff's Motion to Amend the Complaint (Docket Entry 25) had already been granted by the Court rendering the argument moot. (Docket Entry 29.)

[2] In their Response, Defendants contend that Plaintiff's motions to amend his Amended Complaint

4

supplemental pleadings with amended pleadings and mislabeling is common. However, these misnomers are not of any significance and do not prevent the court from considering a motion to amend or supplement under the proper portion of Rule 15." *See Alpert v. Riley*, No. CIV.A. H-04-CV-3774, 2009 WL 1226762, at *3 (S.D. Tex. Apr. 30, 2009) (citing 6A Charles Alan Wright *et al.*, Federal Practice and Procedure § 1504, at 184 (2d ed.1990)). "Rule 15(d) allows parties, by leave of court, to supplement their pleadings to set forth 'transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.'" *Ashton v. City of Concord, N.C.*, 337 F. Supp. 2d 735, 740 (M.D.N.C. 2004) (citing Fed. R. Civ. P. 15(d)). The Fourth Circuit has reasoned that the standard used for ruling on a motion to amend or on a motion to supplement are nearly identical. *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). In both situations, leave should be freely granted, and only denied where good reason exists such as prejudice to Defendants. *Id.*

Here, Plaintiff's motion entitled "Motion to Amend and Supplement Complaints" (Docket Entry 32) does not contain new claims. In the document, Plaintiff states that Mr. Spruill, a unit manager, "provided assistance on January 21, 2015 at [Plaintiff's disciplinary rehearing]." (Am. Compl. at 5, Docket Entry 32.) Plaintiff contends that Mr. Spruill told Plaintiff that his disciplinary hearing was "jacked-up." (*Id.* at 5-6.) Thus, because Plaintiff's motion does not contain new claims but simply supports his existing claims, the Court will

---

should be denied because they were filed after a court issued deadline. Because the Court finds that Plaintiff's first motion is a supplement and the second motion is simply a request for leave to file an Amended Complaint, the court issued deadline barring both parties from amending the pleadings after January 11, 2016, does not apply.

5

construe Plaintiff's motion as a supplement to his Amended Complaint.³

Additionally, the Court notes Defendants' assertion that "lawsuits are not a constantly moving target with new claims and new defendants to be added whenever the Plaintiff decides he should do so." (Response at 1-2, Docket Entry 36.) Defendants should be able to adequately defend against claims in an efficient manner. At this point, Plaintiff has been given many opportunities to amend or supplement his original Complaint. Thus, unless justice requires otherwise, no additional amended or supplemental pleadings will be allowed.⁴

C. *Motion for Reconsideration of Appointment of Counsel*

Plaintiff also filed a Motion for Reconsideration of his request for appointment of counsel. The Court previously issued an order denying Plaintiff's first motion to appoint counsel. (Docket Entry 4.) In his motion, Plaintiff asserts that the Court should appoint counsel because he does not have access to a law library, he only has a layman's knowledge of the law, and being a prisoner, he does not have the ability to investigate the facts of his case. (Docket Entry 50 at 5, 10-16.) The issues highlighted by Plaintiff concern "the effect of [Plaintiff's] imprisonment on his ability to litigate his case [and] are insufficiently 'exceptional' to merit appointment of counsel" because they are common issues faced by most pro se prisoners. *Reeves v. Ransom*, No. 1:10CV56, 2011 WL 4549144, at *8 (M.D.N.C. Sept. 29, 2011)

---

³ Plaintiff also filed a second motion entitled "Motion to Amend Complaints" on January 19, 2016. (Docket Entry 33.) As explained above, Plaintiff's first motion (Docket entry 32) is actually a supplement to the Amended Complaint. The Second motion is simply a request for leave to file a new Amended Complaint. Thus, because there is not a new proposed Amended Complaint, the second motion (requesting leave to amend the Amended Complaint) should be denied as moot.

⁴ Based upon the ruling set forth herein, the Court notes that Plaintiff's pleadings (Docket Entries 2, 30, 32) will be construed together as Plaintiff's complaint.

6

(citing *Joe v. Funderburk*, No. 8:06–119–GRA–BHH, 2006 WL 2707011, at *1 (D.S.C. Sept.18, 2006); *Zuniga v. Perry*, No. 1:15CV35, 2015 WL 5159299, at *7 (M.D.N.C. Sept. 2, 2015) (concluding that "the matters cited by the petitioner in his pleadings reflect conditions faced by virtually all prisoner litigants and thus, by definition, do not qualify as circumstances of the sort that warrant appointment of counsel"). Furthermore, the absence of a law library does not yield "exceptional circumstances justifying appointment of counsel." *Davidson v. Davis*, No. 3:13-CV-590-FDW, 2014 WL 2696573, at *4 (W.D.N.C. June 13, 2014); *Ross v. Conner*, No. 1:14-CV-98-FDW, 2014 WL 5243338, at *6 (W.D.N.C. Oct. 15, 2014) (finding that while the plaintiff argued he did not have access to a law library, only had a layman's knowledge of the law, and that his case was complex, the Plaintiff did not show that exceptional circumstances justified appointment of counsel). Additionally, Plaintiff contends that an attorney is needed to handle the considerable amount of discovery and confidential information that he is not allowed to see for security reasons. Similarly, these reasons do not establish exceptional circumstances requiring appointment of counsel. *See Gray v. Cogdell*, No. 2:14-CV-0473 KJN P, 2014 WL 2567409, at *3 (E.D. Cal. June 6, 2014) (finding the plaintiff's argument that an attorney was needed to handle considerable discovery and confidential documents was unpersuasive because the plaintiff did not establish exceptional circumstances warranting appointment of counsel).

Plaintiff also contends that this case is one of extraordinary circumstances because it is factually and legally complex, the case has merit, and Plaintiff does not have the capacity to present his claims. (Docket Entry 50 at 8-9, 12, 21-25.) Although Plaintiff has amended and supplemented his Complaint since the first Motion for Appointment of Counsel, at this time,

7

the Court finds that Plaintiff's case is not one that involves exceptional circumstances requiring counsel to be appointed. *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff's new claims are not complex. Moreover, his filings show that he has the capacity to provide the relevant facts, make arguments and use cases to support his assertions. *Wilson v. Rabbar*, No. 1:14CV622, 2015 WL 197368, at *2 (M.D.N.C. Jan. 14, 2015) ("Plaintiff's submissions show that he is capable of representing himself in this matter. While, as he asserts, his confinement may present some challenges in litigating his claims, he has not demonstrated that he is unable to pursue his claims without counsel"); *Graves v. Sellars*, No. 1:12CV196, 2013 WL 942328, at *1 (M.D.N.C. Mar. 11, 2013) (finding that the plaintiff failed to prove that exceptional circumstances in his case required counsel to be appointed because the plaintiff demonstrated the ability to file proper documents timely and the court further noted that the nature of the case was not complex).

Additionally, Plaintiff contends that counsel should be appointed because his account of the circumstances in this case are directly in conflict with Defendants' position thereby creating "a credibility contest" between the parties. (Docket Entry 50 at 16-17.) "Nevertheless, conflicting testimony and factual disputes are not 'exceptional circumstances' that entitle a plaintiff to appointed counsel." *See Garcia v. Smith*, No. 10CV1187 AJB RBB, 2012 WL 2499003, at *5 (S.D. Cal. June 27, 2012). Thus, Plaintiff's Motion for Reconsideration is denied.

*D. Motions to Enter Exhibits into the Court Record*

Plaintiff's two motions to submit certain exhibits into the court record are denied as moot. (Docket Entries 45, 46.) The first motion concerns the documents attached to

Plaintiff's motion entitled "Motion to Amend and Supplement Complaints." (Docket Entry 32.) Plaintiff attached exhibits showing that he took anger management and other programs to better himself. (Am. Compl. at 7-9, Docket Entry 32.) Additionally, Plaintiff also attached two affidavits to support his claim that a unit manager believed his hearing was "jacked up." (*Id.* at 10-13.) Similarly, Plaintiff's second motion to enter exhibits into evidence pertains to exhibits that were attached to the original complaint. Both of Plaintiff's motions are denied as moot because the documents are already a part of the court record. *See Lemarr v. Doe*, No. CIV.A. L-05-167, 2006 WL 763617, at *2 (S.D. Tex. Mar. 23, 2006) (reasoning that the plaintiff did not have to file a separate motion to enter exhibits into evidence because appending exhibits to the complaint is sufficient to enter the exhibits into the record).

*E. Motions for Extension of Time to Complete Discovery*

Defendant's Second Motion for Extension of Time to Complete Discovery (Docket Entry 53) is granted. Defendants shall have up to and including May 18, 2016, to respond to Plaintiff's Second Set of Interrogatories and Request for Admissions and Second Request for Production of Documents.

*F. Motion to Subpoena Prison and Medical Records*

Plaintiff also filed a Motion for Subpoena. (Docket Entry 48.) In this motion Plaintiff seeks all of his medical and prison records, prison policy documents, and much more from John Herring, Superintendent of Bertie Correctional Institution and the North Carolina Department of Public Safety, Division of Prisons. The Court orders that Defendants respond to this motion before ruling on this motion.

9

### III. CONCLUSION

For the reasons stated herein, Plaintiff's motion entitled "Motion to Amend and Supplement Complaints" (Docket Entry 32), will be construed as a supplement to Plaintiff's complaint. **IT IS THEREFORE ORDERED** that Plaintiff's Motion (Docket Entry 32) be **GRANTED.** Additionally, the Court finds that, unless justice requires otherwise, no amended or supplemental pleadings will be allowed going forward.

**IT IS FURTHER ORDERED** that Plaintiff's motion entitled "Motion for Access to Photocopying and Notary Services" (Docket Entry 26) and Plaintiff's motion entitled "Plaintiff's Motion to Reconsider Appointment of Counsel (D.E. 3) and Memorandum of Law in Support" (Docket Entry 50) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions (Docket Entries 33, 45, 46) be **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant's Second Motion for Extension of Time to Complete Discovery (Docket Entry 53) is **GRANTED**. Defendants shall have up to and including May 18, 2016, to respond to Plaintiff's Second Set of Interrogatories and Request for Admissions and Second Request for Production of Documents.

**IT IS FURTHER ORDERED** that Defendants respond to Plaintiff's Motion for Subpoena (Docket Entry 48) by May 18, 2016.

April 22, 2016.

Joe L. Webster
United States Magistrate Judge