# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THEODUS LINDSAY JR.,        )
                                    )
        Plaintiff,            )
                                    )
      v.                    )      1:15CV596
                                    )
WILLIAM GLICK, III, et al.,      )
                                    )
        Defendants.       )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court upon Plaintiff Theodus Lindsay Jr.'s motions for partial summary judgment. (Docket Entries 54, 60). Defendants have filed a response. (Docket Entry 67.) For the following reasons, the court recommends that Plaintiff's motions for partial summary judgment be denied without prejudice.

## I.   Background

On July 22, 2015, Plaintiff, a pro se prisoner, filed a complaint asserting that Defendants were deliberately indifferent to Plaintiff's medical needs by denying Plaintiff access to mental health treatment and protective custody. (*See generally* Compl., Docket Entry 2.) On November 20, 2015, Defendants filed an answer. (Answer, Docket Entry 24.) Plaintiff thereafter filed a motion to amend the complaint (Am. Compl., Docket Entry 25) which the court granted. (Docket Entry 29.) In addition, Plaintiff filed a supplement to the amended complaint. (Docket Entry 32.) Plaintiff subsequently filed two separate motions for partial summary judgment. (Docket Entries 54, 60). Defendants filed a response. (Defs'. Resp., Docket Entry 67.)

1

## II. Standard of Review

Summary judgment is warranted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate the presence of a genuine issue of material fact which requires trial. *Matsushita Elu: Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When making a summary judgment determination, the court must view the evidence and justifiable inferences from the evidence in the light most favorable to the nonmoving party. *Zahodnick,* 135 F.3d at 913. However, the party opposing summary judgment may not rest on mere allegations or denials, and the court need not consider "unsupported assertions" or "self-serving opinions without objective corroboration." *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 962 (4th Cir. 1996); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248-49 (1986).

Additionally, summary judgment is only appropriate once "the opposing party has had 'adequate time for discovery.'" *Dew Elec., Inc. v. Mass Elec. Const. Co.*, No. 3:09CV361-RJC-DCK, 2010 WL 883670, at *2 (W.D.N.C. Mar. 5, 2010) (internal citations omitted). Where the nonmoving party has demonstrated that it has not had adequate time for discovery, the court has discretion to deny a motion for summary judgment as premature. *Amirmokri v. Abraham*, 266 F. App'x 274, 281 (4th Cir. 2008). "Typically, the nonmoving party must file an

affidavit under Rule 56[(d)] articulating that for specified reasons, it cannot present facts essential to justify its opposition."[1] *Dew Elec.,* 2010 WL 883670, at *2 (citations and quotations omitted); Fed. R. Civ. P. 56(d); *Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 244 (4th Cir. 2002) (reasoning that the proper course for demonstrating that more time is needed for discovery is filing a Rule 56(d) affidavit stating that summary judgment cannot be properly opposed without a chance to conduct discovery). However, the nonmoving party's brief in opposition may serve "as the functional equivalent of [a] Rule 56[(d)] affidavit . . . ." *Sutton v. Roth, L.L.C.,* 361 F. App'x 543, 549 (4th Cir. 2010).

## III.    Discussion

Defendants contend that Plaintiff's motions for partial summary judgment are premature. Here, Plaintiff filed two motions for partial summary judgement. The first motion for partial summary judgment was filed on March 21, 2016 (Docket Entry 54) and the second was filed on March 30, 2016. (Docket Entry 60.) Both of the partial summary judgment motions were filed before the court-issued June 10, 2016, discovery deadline. (Docket Entry 29.) "As a general rule . . . summary judgment is not appropriate prior to the completion of discovery." *Webster v. Rumsfeld,* 156 F. App'x 571, 576 (4th Cir. 2005); *see also Rudolph v. Buncombe Cty. Gov't,* No. 1:10CV203, 2011 WL 1883814, at *1 (W.D.N.C. May 17, 2011) (dismissing the plaintiff's motion for summary judgment because it was filed before the discovery deadline); *Shoop v. Hott,* No. 5:08CV188, 2010 WL 2990949, at *3 (N.D.W. Va. July 27, 2010) (finding that the defendant's "motion for summary judgment was premature when filed, and should

---

[1] The content of Rule 56(f) was moved to Rule 56(d). Fed. R. Civ. P. 56(d) advisory committee's note to 2010 amendment.

not have been subsequently granted prior to the completion of discovery"). "Although the Plaintiff proceeds in a *pro se* capacity, []he must abide by the terms, provisions, and deadlines contained within the Pre–Trial Order and Case Management Plan. The Defendants are entitled to conduct discovery prior to being compelled to respond to a motion for summary judgment." *Rudolph*, 2011 WL 1883814, at *1 (internal citations omitted) (emphasis in original).

Generally the nonmoving party must comply with Federal Rule of Civil Procedure 56(d), which requires the party to file a sworn affidavit or declaration explaining why a ruling on summary judgment should be postponed. *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008). While Defendants have not submitted an affidavit explaining what discovery is still sought, Defendants clearly asserted that the motions for partial summary judgment are premature. (Defs.' Resp., Docket Entry at 2.) In addition, Defendants contend that Plaintiff's motions for partial summary judgment lack supporting affidavits or documents to support judgment as a matter of law. (*Id.*) Defendants also argue that summary judgment is improper because the material allegations made by Plaintiff have been disputed by each Defendant. (*Id.*)

The Fourth Circuit has held:

> strict compliance with Rule 56[(d)] affidavits may not be necessary where the circumstances are such that the nonmoving party, through no fault of its own, has had little or no opportunity to conduct discovery, and when fact-intensive issues, such as intent, are involved, provided that the nonmoving party has adequately informed the district court that the motion is pre-mature and that more discovery is necessary.

*Nader*, 549 F.3d at 961 (citing *Harrods*, 302 F.3d at 244) (quotations omitted). Similar to the circumstances described above by the Fourth Circuit, Plaintiff's assertion that Defendants were deliberately indifferent to Plaintiff's medical needs concern "fact-intensive" issues. *Id.*

4

Furthermore, Defendants have not had a significant amount of time to conduct discovery. Plaintiff filed the first motion for partial summary judgment on March 21, 2016, with over 2 months remaining in the discovery period. Plaintiff filed the second motion for partial summary judgment before the deadline allowing Defendants to respond to the first partial summary judgment motion. A motion for "[s]ummary judgment may only be entered after 'adequate time for discovery.'" *Id.* (citing *Temkin v. Frederick County Comm'rs,* 945 F.2d 716, 719 (4th Cir. 1991), *certiorari denied* 502 U.S. 1095 (1992)). Given the fact-intensive nature of the claim and the limited amount of time that has passed since the motions for partial summary judgment were filed, the court concludes that Plaintiff's motions for partial summary judgment are premature. Therefore, Plaintiff's motions should be denied without prejudice to Plaintiff refiling a summary judgment motion at the close of discovery.

In addition, the court notes that Plaintiff has continuously filed motions including another motion for partial summary judgment.[2] (Docket Entry 68.) A cursory review of all three partial summary judgment motions demonstrate that Plaintiff raises several arguments. In the interest of conducting a "just, speedy, and inexpensive determination of every action and proceeding" pursuant to the Federal Rules of Civil Procedure, the court encourages Plaintiff to put all of his arguments in one motion for summary judgment at the close of discovery. Defendant will then have an opportunity to adequately defendant against Plaintiff's claims and/or submit to the court their own motion for summary judgment. Fed. R. Civ. P. 1.

---

[2] Plaintiff's motion for partial summary judgment (Docket Entry 68) has not been referred to the undersigned and therefore is not addressed in this recommendation.

## IV.    Conclusion

For the reasons stated herein, **IT IS THEREFORE RECOMMENDED** that Plaintiff's motions for partial summary judgment (Docket Entries 54, 60) be **DENIED** without prejudice to Plaintiff refiling a summary judgment motion at the close of discovery.

Joe L. Webster
United States Magistrate Judge

May 26, 2016
Durham, North Carolina