IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THEODUS LINDSAY JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:15CV596 |
| ) | |
| WILLIAM GLICK, III, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon several motions: Plaintiff's Motion for Subpoena (Docket Entry 48), Plaintiff's motion entitled "Motion to Enter Plaintiff's Rebuttal Evidence into Court Records" (Docket Entry 58), Plaintiff's motion for partial summary judgement (Docket Entry 68), Plaintiff's motion entitled "Reconsider Motion to Amend Complaint" (Docket Entry 72), Plaintiff's motion entitled "Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes to William Glick, III" (Docket Entry 75), Plaintiff's Motion to Compel Discovery (Docket Entry 78), Plaintiff's motion entitled "Motion for an Order Extending Limitations of Length of Brief to Refile Partial Summary Judgments" (Docket Entry 81), Plaintiff's motion entitled "Motion for an Order Extending Limitations of Length of Brief in Opposition to Dispositive Motions" (Docket Entry 94), Plaintiff's motion entitled "Plaintiff Motion for Court to Intervene" (Docket Entry 97), Plaintiff's motion entitled "Memorandum of Law in Support of Motion for a TRO and Preliminary injunction" (Docket Entry 98), Plaintiff's motion entitled "Plaintiff's Motion for Emergency no Contact Order by Defendants Locklear and Bond" (Docket Entry 99), and

1

Defendants' motion to deem response timely filed (Docket Entry 103). For the following reasons, the Court will grant in part and deny in part Plaintiff's Motion for Subpoena (Docket Entry 48). Defendants shall produce to Plaintiff the specific documents hereinafter specified by the Court, which were among the documents reviewed for *in camera* inspection, within 14 days of this order. The Court denies as moot Plaintiff's motion entitled "Motion for an Order Extending Limitations of Length of Brief in Opposition to Dispositive Motions" (Docket Entry 94), and Plaintiff's motion entitled "Plaintiff Motion for Court to Intervene." (Docket Entry 97.) The Court further orders Defendants to respond to Plaintiff's motion entitled "Memorandum of Law in Support of Motion for a TRO and Preliminary injunction" (Docket Entry 98) within 14 days of this order. The Court will deny Plaintiff's motion entitled "Motion for an Order Extending Limitations of Length of Brief to Refile Partial Summary Judgments" (Docket Entry 81). However, Plaintiff will be allowed to file a supplement to his current motion for partial summary judgment (Docket Entry 89), to make any other arguments, limited to 10 pages. Plaintiff will have 21 days to file this supplement and Defendants will have 21 days to file a response. The Court will deny Plaintiff remaining motions. (Docket Entries 58, 72, 75, 78, 99, 103).

I. **Background**

On July 22, 2015, Plaintiff, a pro se prisoner, filed a complaint asserting that Defendants were deliberately indifferent to Plaintiff's medical needs by denying Plaintiff access to mental health treatment and protective custody. (*See generally* Compl., Docket Entry 2.) Plaintiff arrived at the Albemarle Correctional Institution in June 2014. (*Id.* at 6.) In August 2014, Plaintiff alleges that he requested to participate in a mental health psychological

Case 1:15-cv-00596-LCB-JLW   Document 104   Filed 10/25/16   Page 2 of 18

rehabilitative treatment program for his Post Traumatic Stress Disorder ("PTSD") resulting from his experience in the military. (*Id.*) Plaintiff alleges that he was denied access to the program and was assigned to the "Road Squad" for a work assignment. (*Id.*) Plaintiff states that on several occasions he requested to be removed from the Road Squad assignment and to be admitted to the mental health psychological rehabilitative treatment program. (*Id.* at 6-9.) On October 21, 2014, Plaintiff states that he was assaulted on the Road Squad bus. (*Id.* at 6.) Plaintiff alleges that a prison staff member failed to do anything about the altercation. (*Id.*) Subsequently, Plaintiff was assaulted again on Road Squad duty on November 13, 2014. (*Id.* at 10.) As a result of this second altercation, Plaintiff was moved to restrictive housing. (*Id.*) Subsequently, Plaintiff filed several amended complaints and supplements. (Docket Entries 25, 30, 32, 33).

In his first amended complaint, Plaintiff asserts claims against two additional defendants, Monica Bond, Chief Disciplinary Officer, and Victor Locklear, a Disciplinary Hearing Officer. (Docket Entry 25.) Plaintiff asserts that both violated his Due Process rights. Subsequently, Plaintiff filed a supplement and an amended complaint alleging that Defendants' violated the Americans with Disabilities Act. (Am. Compl. at 2, Docket Entry 32.) Plaintiff also alleges that Mr. Spruill, a unit manager, "provided assistance on January 21, 2015 at [Plaintiffs disciplinary rehearing]." (*Id.* at 5) Plaintiff contends that Mr. Spruill told Plaintiff that his disciplinary hearing was "jacked-up." (*Id.* at 5-6.)

3

## II. Discussion

    A. Plaintiff's Motion Entitled "Order for Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes to William Glick, III"

Plaintiff moves the Court to "Order Production of Documents and Things and Entry Upon Land for Inspection, taken Photographs and Other Purposes" pursuant to Federal Rule of Civil Procedure 34. (Docket Entry 75). According to Rule 34, a party may serve on *any other party* a "request within the scope of Rule 26(b)[1] . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . . designated tangible things" that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A)-(B) (emphasis added). Furthermore, Rule 34 "permit[s] entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(B)(2). Rule 45 allows for a subpoena to be issued to nonparties to permit the inspection of land. Fed. R. Civ. P. (a)(C). Pursuant to Rule 26(b)(2), the Court must limit the extent or frequency of discovery upon the determination that:

---

[1] Fed. R. Civ. P 26(b) states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P 26(b).

4

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*MacDermid Printing Sols., L.L.C. v. E.I. Du Pont De Nemours & Co.*, No. 1:10MC37, 2012 WL 734146, at *2 (M.D.N.C. Mar. 6, 2012) (citing Fed. R. Civ. P. 26(b)(2)(C)).

Here, Plaintiff requests that the Court order Defendants to allow Plaintiff's designee access to Albemarle Correctional Institution for the purpose of inspecting a Road Squad bus and to photograph the following items: "Inmates' cutting and/or stabbing devices including a swing blade, bush axe, pitchfork, rake, and all other cutting or stabbing devices." (Docket Entry 75 at 4.) Additionally, Plaintiff desires photographs of the Road Squad bus interior including the inmates holding compartment, correctional officers' compartment, equipment storage compartment, and toilet. (*Id.*) These items are located on the property of the North Carolina Department of Public Safety ("DPS") which is a non-party. Thus, Rule 45 applies to Plaintiff's request.

The Court concludes that access to the facility is denied because the photographs Plaintiff seeks are irrelevant. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Stout v. Wolff Shoe Co.*, No. 3:04 CV 23231 JFA, 2007 WL 1034998, at *2 (D.S.C. Mar. 31, 2007). Relevant evidence is any evidence "having tendency to make the existence of any fact that is

5

of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* (citing Fed. R. Evid. 401). "The trial court has broad discretion in determination of relevance for discovery purposes." *Id.* (citing *Watson v. Lowcountry Red Cross,* 974 F.2d 482 (4th Cir. 1992). Plaintiff contends that his experience on the Road Squad which included being in a "hostile environment" around inmates with Road Squad equipment caused him "undue stress [and] triggered PTSD symptoms." (*See* Compl. at 6, 14, Docket Entry 2). There is no dispute regarding whether the equipment was used while Plaintiff was on Road Squad duty or whether an altercation happened on the Road Squad bus. The issue is whether Defendants were deliberately indifferent to Plaintiff's medical needs by placing him on Road Squad, not whether he was actually on the Road Squad bus and surrounded by the Road Squad equipment in the hands other inmates. Production of these photographs will not make any fact needed for determination of this action more or less probable. Thus, the information Plaintiff requests is not relevant.

Furthermore, Defendants contend that:

> the items to which Plaintiff demands access may be in the care and control of Defendant Glick as Superintendent of the prison, but they are located on and indeed are the property of a non-party, [DPS], which has strict security protocols and policies for obvious reasons.

(Docket Entry 82 at 4.) While individuals have been granted entry into prisons by courts, the undersigned must weigh Plaintiff's request against the needs of the case and the DPS's burden to adjust its "strict security protocols and policies" to comply with Plaintiff's request. *See* Fed. R. Civ. P. 26(b)(2)(iii); Docket Entry 82 at 4. The Court concludes that the security risk in allowing a designated person access to the correctional facility to take photos of the equipment and Road Squad bus used to transfer inmates outweighs the minimal potential benefit to

6

Plaintiff. *See Dawson v. Bush*, No. CA 4:13-2236-DCN-TER, 2014 WL 3349835, at *3 (D.S.C. July 9, 2014) ("The burden to the security of SCDC institutions that would be caused by production of [the Use of Force] policy outweighs Plaintiff's benefit in receiving it."); *Manriquez v. Huchins*, No. 1:09-CV-00456-OWW, 2011 WL 3290165, at *20 (E.D. Cal. July 27, 2011) ("While the Court recognizes that the blue prints could be relevant and potentially admissible at trial, the security risk that would be created by giving inmates blue prints to the prison greatly outweighs any potential benefit that Plaintiff would receive by obtaining the requested documents"); *Silverstein v. Fed. Bureau of Prisons*, No. CIV.A07CV02471PABKMT, 2009 WL 1451684, at *3 (D. Colo. May 20, 2009) ("find[ing] that the scant extra information which could be extracted by a personal viewing of a specific cell by the [plalintiff's] experts is far outweighed by the burden and expense on the parties and on the prison by allowing a mass site visit"). Thus, Plaintiff's motion entitled "Order Production of Documents and Things and Entry Upon Land for Inspection, taken Photographs and Other Purposes" (Docket Entry 75) is denied.

    B. Plaintiff's Motion Entitled "Motion to Enter Plaintiff's Rebuttal Evidence into the Court Records"

Plaintiff filed a motion entitled "Motion to Enter Plaintiff's Rebuttal Evidence into the Court Records" (Docket Entry 58.) Plaintiff seeks leave to respond to Defendants' answer. Specifically, Plaintiff contends that in Defendants' answer they assert that Plaintiff has not exhausted his administrative remedies. (Docket Entry 58 at 2.) Plaintiff desires to rebut Defendants' contention by entering rebuttal evidence proving that he has exhausted his administrative remedies. (*Id.* at 3-4.)

7

According to Rule 7(a) only certain pleadings are allowed. Fed. R. Civ. P. 7(a). The Rule expressly states that "[i]f the court orders one, a reply to answer" is allowed. Fed. R. Civ. Pro. 7(a)(7). The Court has not asked Plaintiff to file a reply to Defendants' answer. Thus, Plaintiff's motion entitled "Motion to Enter rebuttal Evidence into the Court Records" (Docket Entry 58) is denied.

C. Plaintiff's Motion to Compel

Plaintiff has also filed a motion to compel certain individuals to adequately respond to discovery requests. (Docket Entry 78.) Plaintiff contends that Defendants failed to comply with document request seeking photographs of the Road Squad bus and work equipment. (Docket Entry 80 at 1, 11-12.) As discussed earlier, the DPS's burden in maintaining the safety of the facility outweighs Plaintiff's minimal potential benefit from receiving these photographs. *See Dawson*, 2014 WL 3349835, at *3; *Manriquez*, 2011 WL 3290165, at *20; Silverstein, 2009 WL 1451684, at *3. Plaintiff also asserts that Defendant Brafford failed to adequately respond to Plaintiff's requests for admissions. (*Id.* at 2.) Plaintiff asserts that Defendant Brafford's response to Plaintiff's interrogatories stating that he "'d[id] not work for NCDPS any longer' and that '[he] d[id] not have independent recollection of any information asked'" was inadequate. (*Id.*) Defendant Brafford stated under penalty of perjury that he does not have access to the information requested and that he does not have any recollection of the circumstances that Plaintiff asked him about. (Docket Entry 80 at 15-16, 21-23.) Thus, the Court denies Plaintiff's motion to compel. *Garcia v. Almieda*, No. 103CV06658OWWSMSPC, 2007 WL 1395338, at *1 (E.D. Cal. May 10, 2007) ("Plaintiff's motion to compel a response is denied. Absent evidence to the contrary, which has not been

8

offered, the court and plaintiff must accept defendant's response that she does not have access to the information needed to respond to this interrogatory because she is no longer employed by the California Department of Corrections and Rehabilitation"); *Carmichael v. Riley*, No. C06-5542 RJB/KLS, 2007 WL 3374942, at *6 (W.D. Wash. Nov. 6, 2007) (denying the plaintiff's motion to compel the defendants to adequately answer interrogatories because "Defendant Riley . . . stated under penalty of perjury that he does not have access to the information requested").

### D. Motion to Reconsider Amended Complaint

Plaintiff has also filed a motion entitled "Reconsider Motion to Amend Complaint" (Docket Entry 72). Previously, Plaintiff filed two motions, the first entitled Motion to Amend and Supplement Complaints (Docket Entry 32), which was filed on December 28, 2015, and a motion entitled "Motion to Amend Complaints," filed on January 19, 2016. (Docket Entry 33). Ultimately, the first motion was construed as a supplement to Plaintiff's previously filed Amended Complaint. The second motion entitled "Motion to Amend Complaints," which was deemed moot, included a new claim under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. (Docket Entry 33 at 6.) Plaintiff requests that his Americans with Disabilities Act claim not be dismissed. (Docket Entry 72 at 4-5.)

The Fourth Circuit has repeatedly held that "the ADA and Rehabilitation Act generally are construed to impose the same requirements, and because the language of the Acts is substantially the same . . . the same analysis [is applied] to both." *Spencer v. Earley*, 278 F. App'x 254, 261 (4th Cir. 2008) (internal citations and quotations omitted); *Clinton L. v. Wos*, No. 1:10CV123, 2014 WL 4274251, at *2 (M.D.N.C. Aug. 28, 2014). While

9

the two statutes have minor differences, in general, a plaintiff seeking recovery under either statute must allege that (1) he has a disability; (2) he is otherwise qualified to receive the benefits of a public service, program, or activity; and (3) he was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of h[is] disability.

*Id.* (internal citations and quotations omitted). The Court finds that Plaintiff's Americans with Disabilities Act claim is frivolous. Plaintiff alleges that he has been denied medical treatment. (*See generally* Compl., Docket Entry 2.) However, there is no allegation that Plaintiff has been denied access to a public service, program, or activity on the basis of his alleged disability. *Harrell v. Bishop*, No. CIV.A. DKC-13-2722, 2014 WL 3055572, at *6 (D. Md. July 2, 2014) ("Although the Fourth Circuit has not addressed this issue in a published opinion, unpublished cases from this circuit and published and unpublished cases from other circuits indicate that a prisoner may not state a claim under the ADA for a lack of medical treatment."); *Brown v. Wilson*, No. 5:10-CV-181-C, 2012 WL 6719464, at *3 (N.D. Tex. Dec. 27, 2012) (finding that the plaintiff failed to state a claim for relief under [the Americans with Disabilities Act or the Rehabilitation Act] because he has not "alleged or shown that he was adversely treated solely because of his handicap"). Therefore, Plaintiff's motion entitled "Reconsider Motion to Amend Complaint" is denied.

E. Plaintiff's Motion Entitled "Motion for Court to Intervene"

Plaintiff filed a motion entitled "Motion for Court to Intervene." (Docket Entry 97.) Plaintiff requests the Court to order the Bertie Correctional Institution to forward Plaintiff's entire legal file to him and to "stay matters pending in this court until 6 September 2016, and any other relief deemed necessary." (Docket Entry 97 at 3.) Plaintiff was involved in another altercation with an inmate on August 5, 2016. (Docket Entry 97 at 1.) This resulted in Plaintiff

10

being held in restrictive housing. (*Id.* at 2.) Plaintiff expected to be in restrictive housing until September 6, 2016. (*Id.*) It appears that this motion is now moot because Plaintiff should have been released from restrictive housing over a month ago. Thus, Plaintiff's motion is denied as moot.

      F. Plaintiff's Motions to Extend Limitation of Page Length and Plaintiff's Partial Summary Judgment Brief

Plaintiff filed a motion for partial summary judgment on April 28, 2016. (Docket Entry 68.) This partial summary judgment motion was one of three partial summary judgment motions filed by Plaintiff in the span of one month. (Docket Entries 54, 60, 68.) Subsequently, the Court encouraged Plaintiff to file one partial summary judgment brief encompassing all of Plaintiff's arguments. (Docket Entry 76.) In response, Plaintiff filed a motion for an extension of the number of pages that can be filed for his summary judgment brief. (Docket Entry 81.) Before the Court addressed Plaintiff's request for an extension of the number of pages that can be filed for his partial summary judgment brief, Plaintiff complied with the Court's request by filing a single partial summary judgment motion which Plaintiff named "Plaintiff's Refiled Motion for Partial Summary Judgment (D.E. 54, 60, 68)." (Docket Entry 89.) Because this partial summary judgment motion combines Plaintiff's pervious three summary judgment motions (Docket Entries 54, 60, 68), Plaintiff's April 28, 2016, summary judgment motion (Docket Entry 68) is denied.

Concerning Plaintiff's motion entitled "Motion for an Order Extending Limitations of Length of Brief to Refile Partial Summary Judgments" (Docket Entry 81), the Court notes that Plaintiff requests that the page limit for his summary judgment brief (Docket Entry 89)

11

be extended to 75 pages. (Docket Entry 81 at 4.) Since Plaintiff has already filed a new partial summary judgment motion the Court will deny Plaintiff's request. However, the Court will allow Plaintiff to file an additional 10 pages to supplement his current partial summary judgment brief. (Docket Entry 89.)

Plaintiff's last motion requests that the page length for his response to Defendants' dispositive motions be extended to 20 pages. (Docket Entry 94 at 2.) The United States District Court for the Middle District of North Carolina Local Rules state that "[b]riefs in support of motions and responsive briefs are limited in length to 20 pages, and reply briefs are limited to 10 pages." L.R. 7.3(d). Therefore, the Local Rules allow responses to dispositive motions to be 20 pages long which the Court concludes is sufficient for Plaintiff's response brief. *Id.* Thus, Plaintiff's motion entitled "Motion for an Order Extending Limitations of Length of Brief in Opposition to Dispositive Motions" (Docket Entry 94), is denied as moot.

### G. Plaintiff's Motion for Subpoena

Additionally, Plaintiff filed a motion requesting that the Court order Defendants to produce several documents.[2] The Court ultimately determined that Plaintiff's discovery request was overboard and unduly burdensome. (Docket Entry 83 at 2.) However, the Court

---

[2] Plaintiff requests that the court order Defendants to produce:

> medical records, prisons policies, logs, schedules, correspondence, memoranda, emails, reports, summaries of meetings or conferences, summaries of hearing or reports of investigations or negotiations, opinions or reports of consultants, photographs, pamphlets, drafts, letters, any marginal comments appearing on any document, and all other writings or tangible things in the possession, custody or control of John Herring, and North Carolina Department of Public Safety, Division of Prisons, until date of trial to litigate Plaintiff['s] case.

(Docket Entry 48 at 2.)

12

ordered defendants to produce for *in camera* inspection prison policies related to inmates being assigned to the Road Squad, the treatment of inmates with mental impairments, the use of pepper spray on inmates, and assigning inmates to restrictive housing as a disciplinary measure. (Docket Entry 83.) Plaintiff is prohibited from obtaining documents protected by the attorney-client privilege[3] or considered work product.[4] Plaintiff is also prohibited from obtaining documents that threaten the safety of the prison.[5] The Court has reviewed all of the documents submitted by Defendants. The Court finds that the following documents are not privileged, nor do they pose a threat to the safety of the prison:

1. Email chain from Cordelia McBride to Tanya Turner (B.S. 0588-89).

---

[3] The attorney-client privilege

> applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Moore v. DAN Holdings, Inc.*, No. 1:12CV503, 2013 WL 1833557, at *3 (M.D.N.C. Apr. 30, 2013)

[4] "The work product doctrine applies to material 'prepared *because* of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation.'" *Moore*, 2013 WL 1833557, at *3 (citing *National Union Fire Ins. Co. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 984 (4th Cir. 1992)) (emphasis in original). "The burden rests on the party resisting discovery to demonstrate the applicability of either the attorney-client privilege or the work product doctrine." *Id.* (*citing Solis v. Food Emp'rs Labor Relations Ass'n*, 644 F.3d 221, 232 (4th Cir. 2011).

[5] *Robinson v. Wetzel*, No. 3: 11-CV-2194, 2013 WL 5202489, at *3 (M.D. Pa. Sept. 13, 2013) (declining to authorize wholesale disclosure of prison manuals because doing so "may gravely impair institutional security"); *Ibanez v. Miller*, No. CIVS-06-2668JAM EFBP, 2009 WL 3481679, at *3 (E.D. Cal. Oct. 22, 2009) (finding that a prison's operating procedures document "contains critical prison security information that, if disclosed, could endanger prison staff and compromise tactical responses to prison alarms").

2. Email chain from Donna Byrd and Cordelia McBride (B.S. 0577).

3. Email chain from Donna Barringer to Cordelia McBride (B.S. 0565-66).

4. Email chain from Cordelia McBride to Tanya Turner (B.S. 0581-82).

5. Email chain from Ebony Ratliff to Cordelia McBride (B.S. 0673-75).

6. Email chain from Cordelia McBride to Donna Barringer (B.S. 0644-47).

7. Email chain from Cordelia McBride to Jeanette Robinson (B.S. 0618-19).

8. Email chain from Ebony Ratliff to McBride Cordelia (B.S. 0552-54).

9. Email chain from Michael Thompson to Cordelia McBride (B.S. 0532-33).

10. Email chain from Cordelia McBride to William Glick (B.S. 0523-25).

11. Email chain from Michael Thompson to Cordelia McBride (B.S. 0514-16).

12. Email chain from William Glick to Lawrence Parsons (B.S. 0469).

13. Email chain from Michael Thompson to Cordelia McBride (B.S. 0509-10).

14. Email chain from Bill Brandhorst to William Glick (B.S. 0470-71).

15. Inmate Request/Information Form (B.S 0660-62).

These documents shall be produced by Defendants within 14 days of this order.

      H. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction

Additionally, Plaintiff filed a motion entitled "Memorandum of Law in Support of Motion for a TRO and Preliminary injunction." (Docket Entry 98.) Plaintiff contends that he is presently being denied appropriate medical care. (*Id.*) Plaintiff seeks a temporary restraining order and a preliminary injunction to ensure that he receives proper medical care. (Docket Entry 98 at 1.) The Court orders Defendants

14

to respond to Plaintiff's motion within 14 days.

> I. Plaintiff's Motion entitled "Plaintiff's Motion for Emergency no Contact Order by Defendants Locklear and Bond"

Additionally, Plaintiff filed a motion entitled "Plaintiff's Motion for Emergency no Contact Order by Defendants Locklear and Bond" (Docket Entry 99). Plaintiff was allegedly involved in another altercation with an inmate. (Docket Entry 100 at 6.) As a result Plaintiff was subject to a disciplinary hearing. (*Id.*) Mr. Locklear is the disciplinary hearing officer and Ms. Bond reviews disciplinary hearing appeals. (Docket Entry 101 at 2.) In this motion Plaintiff "objects to defendant Locklear, and Bond, hearing or reviewing his current disciplinary charge [because] [b]oth defendants [are] named in plaintiff['s] pending civil lawsuit." (Docket Entry 100).

The Court finds that Plaintiff has failed to come forward with any evidence indicating that Mr. Locklear or Ms. Bond violated Plaintiff's constitutional rights. Plaintiff's assertion that Mr. Locklear and Ms. Bond will adjudicate and review his disciplinary hearing is insufficient to show bias. Defendants "disposition of the charges against Plaintiff does not in and of itself constitute personal participation in an alleged violation of an inmate's right to due process. Otherwise, every disciplinary hearing officer and reviewing authority would be a potential defendant when an inmate was convicted of a misconduct charge." *Burnett v. Leatherwood*, No. CIV-10-769-M, 2011 WL 4588911, at *14 (W.D. Okla. Aug. 10, 2011), *report and recommendation adopted*, No. CIV-10-769-M, 2011 WL 4578450 (W.D. Okla. Sept. 30, 2011), *aff'd*, 557 F. App'x 739 (10th Cir. 2014); *Brown v. Rios*, 196 F. App'x 681, 684 (10th Cir. 2006) ("Standing alone, the allegation that the DHO was biased solely as a result of his being named

15

a defendant in a civil suit by the plaintiff does not rise to a due process violation."). "From a practical standpoint, requiring each staff member who is the subject of a separate lawsuit to disqualify himself from sitting in judgment of that inmate would heavily tax the working capacity of the prison staff." *Burnett*, 2011 WL 4588911, at *14. Plaintiff insist that Mr. Locklear retaliated against Plaintiff because his "case [was sent] back for a partial reinvestigation." (Docket Entry 101 at 5.) Plaintiff's assertion is almost speculative. A reinvestigation of Plaintiff's case is not evidence of retaliation. To the contrary, this indicates that the prison staff is attempting to reach the correct outcome. Thus, Plaintiff's motion entitled "Plaintiff's Motion for Emergency no Contact Order by Defendants Locklear and Bond" (Docket Entry 99) is denied.

J.  Motion to Deem Response Timely Filed

Lastly, Defendants filed a motion to deem their response to a motion filed by Plaintiff (Docket Entry 99) timely. (Docket Entry 103.) As explained above, in Plaintiff's motion entitled "Plaintiff's Motion for Emergency no Contact Order by Defendants Locklear and Bond" (Docket Entry 99), Plaintiff "objects to defendant Locklear, and Bond, hearing or reviewing his current disciplinary charge [because] [b]oth defendants [are] named in plaintiff['s] pending civil lawsuit." (Docket Entry 100). As explained above the Court denies Plaintiff's motion because it is meritless. Thus, there is no need to consider Defendants' untimely response. Defendants' motion is denied.

III.  Conclusion

For the reasons stated herein, **IT IS THEREFORE ORDERED** that Plaintiff's motion entitled "Motion to Enter Plaintiff's Rebuttal Evidence into Court Records" (Docket

Entry 58), Plaintiff's motion for partial summary judgement (Docket Entry 68), Plaintiff's motion entitled "Reconsider Motion to Amend Complaint" (Docket Entry 72), Plaintiff's motion entitled "Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes to William Glick, III" (Docket Entry 75), Plaintiff's Motion to Compel Discovery (Docket Entry 78), Plaintiff's motion entitled "Plaintiff's Motion for Emergency no Contact Order by Defendants Locklear and Bond" (Docket Entry 99), and Defendants' motion to deem response timely filed (Docket Entry 103) are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion entitled "Motion for an Order Extending Limitations of Length of Brief to Refile Partial Summary Judgments" (Docket Entry 81) is **DENIED**. However, Plaintiff will be allowed to file a supplement, to his current motion for partial summary judgment (Dock Entry 89), to make any other arguments, limited to 10 pages. Plaintiff will have 21 days to file this supplement and Defendant will have 21 days to file a response.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Subpoena (Docket Entry 48) is **GRANTED** in part, and **DENIED** in part. Defendants shall produce the documents specified above which were among the documents reviewed for *in camera* inspection to Plaintiff within 14 days of this order.

**IT IS FURTHER ORDERED** that Plaintiff's motion entitled "Motion for an Order Extending Limitations of Length of Brief in Opposition to Dispositive Motions" (Docket Entry 94), and Plaintiff's motion entitled "Plaintiff Motion for Court to Intervene" (Docket Entry 97) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants respond to Plaintiff's motion

entitled "Memorandum of Law in Support of Motion for a TRO and Preliminary injunction."

(Docket Entry 98.) Defendants will have 14 days to respond of this order.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

October 25, 2016
Durham, North Carolina